UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 8:26-cr-139-KKM-AEP

MICHAEL PHILLIP BRACKNELL

**UNITED STATES' NOTICE AND MOTION IN LIMINE TO ALLOW
EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS, AS
INTRINSIC EVIDENCE OR UNDER FED. R. EVID. 404(B)**

The United States, by Gregory W. Kehoe, United States Attorney for

the Middle District of Florida, provides notice and moves in limine to

introduce evidence of other crimes, wrongs, or acts as intrinsic evidence or

under Rule 404(b) of the Federal Rules of Evidence.

The Superseding Indictment (Doc. 18) charges Bracknell with

possession with intent to distribute 50 grams or more of methamphetamine.

The offense is alleged to have occurred on or about May 15, 2025.

**SUMMARY OF THE EVIDENCE**

The United States anticipates the evidence at trial will establish that

Phillip Michael Bracknell was stopped by the Zephyrhills Police Department

(ZPD) on May 15, 2025, while operating an electric scooter. Bracknell was

known by the stop officers to be a narcotics dealer with a history of fleeing

from law enforcement. The officers that conducted the traffic stop, Detective

1

Steven Chimeri and Detective Morgan Upchurch, each observed Bracknell fail to stop the scooter he was driving at stop signs. They eventually stopped Bracknell at a location that reduced his ability to flee, and began a traffic stop investigation.

Officer Emile Limoges, who was working with Chimeri and Upchurch as they were patrolling the area, arrived shortly after the traffic stop. While Detective Chimeri checked for wants and warrants for Bracknell, Officer Limoges, and his K-9 partner, Woody, conducted an open-air sniff of the scooter. Woody alerted at the center of the scooter, indicating an odor of narcotics was present. The area where Woody alerted is where Bracknell was sitting while operating the scooter prior to the traffic stop. ,

After the K-9 alert on the scooter indicated the odor of narcotics, the officers detained Bracknell and began a narcotics investigation. Bracknell was informed of his *Miranda* rights. Officer Limoges approached Bracknell and conducted a pat-down search for officer safety. Officer Limoges detected and retrieved a pill bottle from Bracknell's pants pocket, and Bracknell said it contained Viagra. Continuing the pat down, Officer Limoges detected a non-anatomical bulge in Bracknell's crotch area. When the officer touched the bulge, Bracknell pulled away. The officers placed Bracknell in handcuffs at that point, and Officer Limoges removed a white sock that Bracknell had

2

concealed within his shorts, causing the non-anatomical bulge. The sock contained two plastic bags with methamphetamine. Laboratory testing later determined that the total weight of the mixture and substance containing methamphetamine was approximately 98 grams, with approximately 94 grams of pure methamphetamine.

The officers arrested Bracknell and collected two cellphones that he possessed. After obtaining a search warrant to search the phones, the FBI performed a forensic extraction and reviewed the cellphones pursuant to the search warrant. Messages sent to and from Bracknell recovered from the cellphones indicate Bracknell communicated with buyers and arranged to meet with them to sell narcotics.

## EVIDENCE THE GOVERNMENT INTENDS TO INTRODUCE UNDER FED. R. EVID. 404(B)

### I.    Evidence of Messages Between Bracknell and Buyers

Relevant messages from Bracknell's cellphone include messages between Bracknell and apparent buyers between February 1, 2025, through May 15, 2025. The messages are consistent with Bracknell communicating with drug users to discuss prices, quantities, and money owed, and to arrange times and locations to meet for drug transactions. The communications are often in coded language, which is also consistent with drug transactions.

3

Messages and chat logs from Bracknell's cellphones, extraction reports, and a summary of relevant messages have been provided to Bracknell in discovery. The United States intends to introduce exhibits of the cellphone extraction reports and chats between Bracknell and apparent drug users and buyers, including the following:

1.    Messages between the defendant and the phone number ending in 6952.

2.    Messages between the defendant and the phone number ending in 5352

3.    Messages between the defendant and the phone number ending in 3237.

4.    Messages between the defendant and the phone number ending in 0105.

5.    Messages between the defendant and the phone number ending in 6587.

6.    Messages between the defendant and the phone number ending in 2576.

7.    Messages between the defendant and the phone number ending in 6798.

8.    Messages between the defendant and the phone number ending in 0897.

9.    Messages between the defendant and the phone number ending in 8278.

10.    Messages between the defendant and the phone number ending in 6804.

11.    Messages between the defendant and the phone number ending in 6965.

12.    Messages between the defendant and the phone number ending in 1524.

13.    Messages between the defendant and the phone number ending in 2249.

14.    Messages between the defendant and the phone number ending in 7739.

15.    Messages between the defendant and the phone number ending in 5034.

16.   Messages between the defendant and the phone number ending in 2664.

17.   Messages between the defendant and the phone number ending in 3153.

18.   Messages between the defendant and the phone number ending in 8592.

19.   Messages between the defendant and the phone number ending in 3867.

20.   Messages between the defendant and the phone number ending in 3698.

21.   Messages between the defendant and the phone number ending in 8970.

The United States reserves the right to introduce additional messages, call logs, and any other relevant evidence from the cellphones during the trial.

## II.   Evidence of Prior Offenses Resulting in Convictions

The Government intends to introduce under Rule 404(b), evidence that on previous occasions, Bracknell possessed with intent to distribute methamphetamine, fled from law enforcement when they attempted to conduct a traffic stop, and attempted to conceal or dispose of methamphetamine he possessed to avoid it being found by law enforcement. Like the quantity of methamphetamine Bracknell is alleged to have possessed in this case,  the quantity of methamphetamine Bracknell possessed on the previous occasions was consistent with narcotics trafficking and inconsistent with personal use.

### 1.   *Prior offense on April 5, 2019*

On or about April 5, 2019, the Pasco Sheriff's Office attempted a traffic stop of a vehicle operated by Bracknell, who fled from the traffic stop and crashed into a retention ditch at the Zephyrhills State Park. Zephyrhills Police Department K-9 Officer Limoges responded to conduct a search along the path of the pursuit, and K-9 Bolt alerted to the presence of narcotics on a bag on the side of the road. Investigators recovered a bag and other items along the road, including a glasses case that contained approximately one ounce of methamphetamine, a plastic bag that held approximately 50 ring baggies, and a digital scale. At the scene, Bracknell denied the items belonged to him. On or about April 22, 2021, Bracknell pleaded guilty, under a plea agreement, to Trafficking in Methamphetamine (14 grams or over) in case number 2019CF2271, in the Circuit Court of the Sixth Judicial Circuit, Pasco County, Florida. Police reports and court records have been provided to Bracknell in discovery.

### 2.   *Prior Offense on January 24, 2023*

On or about January 24, 2023, Bracknell, while driving a moped, attempted to flee and hide from law enforcement during a traffic stop. After Bracknell was detained and arrested for driving on a suspended license, ZPD K-9 Officer Limoges arrived and conducted an area search. Investigators

6

recovered a pouch in an area where Bracknell had been observed before he was detained. The pouch contained plastic baggies with approximately 28 grams of methamphetamine. At the scene, Bracknell denied the pouch was his. Bracknell was charged by information with Trafficking in Amphetamine in case number 2023CF328, in the Sixth Judicial Circuit, Pasco County Florida. Bracknell pleaded guilty, under a plea agreement, to Possession of Controlled Substance (methamphetamine), on or about November 29, 2023. Police reports and court records have been provided to Bracknell in discovery.

## LEGAL MEMORANDUM AND ANALYSIS

To prove the crime charged in the Superseding Indictment, the United States must prove beyond a reasonable doubt that Bracknell knowingly possessed methamphetamine and that he intended to distribute the methamphetamine. Bracknell's cellphone communications that are consistent with arranging for drug transactions, found on cellphones he possessed while also possessing approximately 98 grams of methamphetamine, are intrinsic to the crime charged in the Superseding Indictment.

Evidence of criminal activity other than the charged offense is not extrinsic and falls outside the scope of Rule 404(b) when it is (1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3)

7

inextricably intertwined with the evidence regarding the charged offense. *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007). Evidence is inextricably intertwined when it tends to corroborate, explain, or provide necessary context for evidence regarding the charged offense. *See United States v. Bush*, 673 F. App'x 947, 950 (11th Cir. 2016) (unpublished opinion finding trial court's admission of uncharged controlled drug buys was not error as it was intrinsic evidence to charged offense of possession with intent to distribute).

The messages from Bracknell's cellphone help complete the story of why Bracknell possessed the methamphetamine, and they are inextricably intertwined with his possession. They show that he was routinely arranging for drug sales in the days and weeks before his arrest, and that his possession of a trafficking amount of methamphetamine was in furtherance of drug trafficking. The messages also refute any claim of accidental possession or that he possessed the methamphetamine for personal use.

If the Court determines that the cellphone messages are extrinsic, the evidence should then be admitted under Rule 404(b), discussed further below.

### *Rule 404(b)*

Rule 404 of the Federal Rules of Evidence applies to the use of character evidence and evidence of other crimes, wrongs, or acts. It provides:

**(b) Other Crimes, Wrongs, or Acts.**

**(1) Prohibited Uses.** Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

**(2) Permitted Uses.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

The Eleventh Circuit has articulated a three-prong analysis for evidence of other crimes, wrongs, or acts:

(1) the evidence must be relevant to an issue other than defendant's character;

(2) the government must offer sufficient proof so that the jury could find that defendant committed the act;

(3) the probative value must not be substantially outweighed by its undue prejudice.

*United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992).[1] The Supreme Court has also endorsed this test. *Huddleston v. United States,* 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

The principles are the same whether the extrinsic conduct occurs before

---

[1] In some cases, the Eleventh Circuit has listed the second and third prongs in a different order, with the proof of the prior act as the third prong and the weighing of undue prejudice against probative value as the second prong. *See e.g., United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008), and *United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005).

or after the charged offense and regardless of whether the activity gave rise to criminal liability. *U.S. v. Delgado*, 56 F.3d 1357, 1365 (11th Cir. 1995). Proof of conviction is sufficient evidence for the jury to find that the defendant committed the act. *Id*.; *See also U.S. v. Zapata*, 139 F.3d 1355, 1358 (11th Circuit 1998) (finding that documents proving the conviction is sufficient evidence).

Rule 404(b) is a rule of inclusion. *United States v. Perez–Tosta,* 36 F.3d 1552, 1562 (11th Cir.1994) (noting that Rule 404(b) is a rule of inclusion and, like other relevant evidence, 404(b) evidence should not lightly be excluded when it is central to the prosecution's case). A district court's decision to admit or exclude such evidence is reviewed for abuse of discretion. *U.S. v. Delgado*, 56 F.3d 1357, 1363 (11th Cir. 1995). The 404(b) evidence must be relevant, but a preliminary finding under Rule 104 that the government has proved the other crime, wrong or act is not required. *Huddleston v. United States*, 485 U.S. 681, 689, 108 S. Ct. 1496, 1501 (1988).

Relevance is a function of the similarity of extrinsic evidence to the offense charged. "In this regard, however, similarity means more than that the extrinsic and charged offense have a common characteristic. For the purposes of determining relevancy, a fact is similar to another only when the common characteristic is the significant one for the purpose of the inquiry at hand.' Therefore, similarity, and hence relevancy, is determined by the inquiry or

10

issue to which the extrinsic offense is addressed." *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (citing Stone, The Rule of Exclusion of Similar Fact Evidence: England, 46 Harv.L.Rev. 954, 955 (1933)).

### *404(b) Evidence is Admissible for Other Purposes Not Listed in the Rule*

Rule 404(b) provides specific purposes for which extrinsic evidence may be admitted, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2). The list provided in the rule is not exhaustive and the range of relevancy is almost infinite. *United States v. Stephens*, 365 F.3d, 967, 975 (11th Cir. 2004). For example, Rule 404(b) evidence may also be admitted to corroborate the testimony of key witnesses, rehabilitate credibility, and rebut an argument that the witness falsely testified to get a benefit from the government. *See United States v. Pineda*, 843 F. Appx 174, 182 (11th Cir. 2021) (unpublished opinion affirming Rule 404(b) evidence admitted to corroborate the testimony of a key government witness and to rehabilitate credibility by rebutting argument that the witness falsely testified to get a reduced sentence from the government); *United States v. McLean*, 138 F.3d 1398, 1405 (11th Cir. 1998) (finding Rule 404(b) evidence properly admitted to corroborate confidential informant's testimony about the charged crime); and *United States v. Henderson*, 409 F.3d 193, 1304 (11th Cir. 2005) (finding evidence that the

11

sheriff who hired the defendant was removed from office for fraud was properly admitted, as it was not used to show bad character or "guilt by association," but was used to rehabilitate the credibility of a detective impeached by the defense for having been disciplined by the sheriff).

<u>*Proof of Intent*</u>

When intent to commit the charged offense is an issue, the relevancy of the extrinsic offense derives from the defendant having the same state of mind in the perpetration of both the extrinsic and charged offenses. *United States v. Beechum*, 582 F.2d at 911. "Where the extrinsic offense is offered to prove intent, its relevance is determined by comparing the defendant's state of mind in perpetrating both the extrinsic and charged offenses." *United States v. Dorsey*, 819 F.2d 1055, 1059 (11th Cir. 1987). When the state of mind required for both offenses is the same, the first prong of the Rule 404(b) test is satisfied. *Id.*

A not guilty plea renders the defendant's intent a material issue, and evidence that may be probative of a defendant's state of mind is admissible unless the defendant affirmatively removes the issue from the case. *U.S. v. Roberts*, 619 F.2d 379 (5th Cir. 1980). A not guilty plea and claim of lack of participation in the charged crime places intent at issue, and evidence that a defendant committed a similar type of crime on another occasion is admissible to prove the defendant's state of mind. *See U.S. v. Smith*, 741 F.3d 1211, 1225

(noting there is ample precedent in this circuit that a not guilty plea in a drug conspiracy case puts intent at issue and makes admission of prior drug-related offenses highly probative evidence of a defendant's intent, even where the prior conviction is many years old); *U.S. v. Durham*, 554 Fed. Appx. 901 (11th Cir. 2014) (unpublished opinion finding defendant's conviction for attempted bank robbery admissible under Rule 404(b) in a trial for attempted bank robbery since the evidence was relevant to establish intent, state of mind for the prior offense and the charged offense were the same, the prior offense occurred within five months of the charged offense, and any unfair prejudice was mitigated by the district court's instructions to the jury); and *U.S. v. Holmes*, 171 Fed. Appx. 753 (11th Cir. 2006) (unpublished opinion finding that evidence of defendant's involvement in an uncharged bank robbery was admissible in prosecution for bank robbery and possession of a firearm during the commission of a felony where defendant's not guilty plea and claimed lack of participation placed intent at issue and there were similarities between the two crimes).

When a defendant is charged with distribution, possession with intent to distribute, or conspiracy to distribute a controlled substance, the government must prove intent, and evidence under Rule 404(b) may be admitted as proof of that intent. "Evidence of prior drug dealings is highly

13

probative of intent to distribute a controlled substance, as well as involvement in a conspiracy." *United States v. Barron-Soto*, 820 F.3d 409, 417-18 (11th Cir. 2016) (internal citations omitted). *See also U.S. v. McCrary*, 304 Fed.Appx. 760, 761 (11th Cir. 2008) (unpublished opinion finding no abuse of discretion in admitting Rule 404(b) evidence of prior possession of cocaine and drug distribution paraphernalia that led to a guilty plea to prove intent to distribute); *United States v. Donelson*, 797 Fed.Appx. 496, 497-498 (11th Cir. 2019) (unpublished opinion finding no abuse of discretion admitting evidence of defendant's possession of controlled substances on another occasion prior to the charged offense under 404(b) to prove intent to distribute); and *Rivera v. U.S.*, 572 Fed Appx. 878, 879 (11th Cir. 2014) (unpublished opinion affirming denial of ineffective assistance of counsel claim based on alleged failure to object to Rule 404(b) evidence of the defendant's prior conviction for conspiracy to possess with intent to distribute cocaine base that was admitted at trial to prove the defendant's intent to distribute heroin and cocaine).

### *Rule 403*

Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R.

14

Evid. 403. Exclusion of evidence under Rule 403 is an extraordinary remedy which should only be used sparingly, and the balance should be struck in favor of admissibility. *U.S. v. Edouard*, 485 F.3d at 1351, n.8 (citing *U.S. v. Brown*, 441 F.3d 1330, 1362 (11th Cir. 2006).

When weighing the probative and prejudicial effects of other crime evidence, the strength of the government's case on the issues of knowledge and intent, the overall similarity of the extrinsic and charged offenses, the amount of time separating them, and whether it appeared at the start of trial that the defendant would contest the issue of knowledge or intent are all factors. *United States v. Mitchell*, 666 F.2d 1385, 1390 (11th Cir. 1982). The trial judge has wide discretion in evaluating these factors and will not be reversed on appeal unless the defendant can demonstrate abuse of that discretion. *Id.* Other crimes evidence is not easily excludable where the evidence of the defendant's predisposition to commit the crime is not overwhelming. *United States v. Richardson*, 764 F.2d 1514, 1523 (11th Cir. 1985). Furthermore, when other crimes evidence is admitted, any risk of undue prejudice to a defendant can be reduced by a limiting instruction at the close of evidence. *See Ramirez*, 426 F.3d at 1350, 1354, and *Donelson*, 797 F. App'x at 498–99.

*404(b) and 403 Analysis*

As previously stated, the evidence from Bracknell's cellphones is intrinsic to the crime charged in the indictment. But if it is considered to be extrinsic evidence, it remains highly probative and relevant to the issues to be determined by the jury, and should be admitted under Rule 404(b). The cellphone messages are probative of issues other than the defendant's character, including Bracknell's knowledge and intent to distribute. The evidence is also relevant to prove Bracknell did not possess methamphetamine by accident or mistake, and to prove that the methamphetamine was not for his personal use.

Furthermore, the probative value of such evidence is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. If the Court determines that the evidence is extrinsic, a limiting instruction to the jury will safeguard against the jury using such evidence for any purpose other than considering it as evidence of knowledge, and intent, or to rebut arguments or inferences of mistake, accident, or possession for personal use.

Evidence that Bracknell possessed trafficking amounts of methamphetamine on other occasions is extrinsic evidence that should be

admitted under Rule 404(b). It is relevant to prove Bracknell knowingly possessed methamphetamine on May 15, 2025, and that he intended to distribute the methamphetamine he possessed. His efforts to flee from law enforcement and to discard or hide methamphetamine he possessed on previous occasions is consistent with his concealment of methamphetamine in this case, and it is evidence of his knowing possession and intent to distribute.

Bracknell's use of vehicles to transport trafficking amounts of methamphetamine, including a moped in one of the previous offenses, is consistent with Bracknell intending to distribute the methamphetamine he transported by scooter in this case. The evidence indicates that Bracknell used a scooter on May 15, 2025, while concealing methamphetamine in a sock in his pants pocket, to allow him to meet with customers. The use of a scooter, like a moped, provides an ability to drive in places where police vehicles cannot travel. The extrinsic evidence provides examples of Bracknell trying to evade apprehension and discarding methamphetamine when law enforcement attempted to stop him on previous occasions. On one occasion he crashed his car into a ditch, and on another occasion, he drove his moped to an off-road location and attempted to hide in a wooded area. His actions on all three occasions show he was working as a drug dealer—not a drug user—when he was caught possessing methamphetamine.

The probative value of the evidence that Bracknell possessed and attempted to discard trafficking amounts of methamphetamine on previous occasions is not substantially outweighed by a danger of unfair prejudice, and, as noted above, a limiting instruction will safeguard against the jury using such evidence for any purpose other than considering it as evidence of knowledge, and intent, or to rebut arguments or inferences of mistake, accident, or possession for personal use.

## **CONCLUSION**

For the foregoing reasons, the evidence described in this notice should be admitted as intrinsic evidence to the crimes charged in the Superseding Indictment, or, as relevant evidence under Fed. R. Evid. 404(b).

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:    /s/ Michael C. Sinacore
Michael C. Sinacore
Assistant United States Attorney
Florida Bar No. 868523
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:   (813) 274-6358
E-mail: michael.sinacore@usdoj.gov

18

**U.S. v. Michael Phillip Bracknell        Case No. 8:26-cr-139-KKM-AEP**

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2026, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system, which

will send a notice of electronic filing to counsel of record.


*/s/ Michael C. Sinacore*
Michael C. Sinacore
Assistant United States Attorney
Florida Bar No. 868523
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: michael.sinacore@usdoj.gov

19